UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHONDELL GREGORY CROCKER,<br><br>Plaintiff,<br><br>-against-<br><br>OFFICE OF THE PUBLIC DEFENDER FOR THE STATE OF NEW JERSEY; BENJAMIN VANMETER,<br><br>Defendant. | 26-CV-8505 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Shondell Gregory Parker, who provides an address for himself in New Jersey yet asserts that he is domiciled in New York, brings this *pro se* action under the court's diversity jurisdiction, alleging that Defendants—the Office of the Public Defender for the State of New Jersey, and one of its attorneys assigned to represent Plaintiff, Benjamin Vanmeter—violated his rights in the course of a criminal prosecution in New Jersey.[1]

For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the District of New Jersey.

**DISCUSSION**

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

[1] Even though Plaintiff purports to invoke the Court's diversity jurisdiction, the claims that he asserts arise solely under federal law, not state law. (ECF No 1-1, at 2.) It therefore appears that Plaintiff is seeking to invoke the court's federal question jurisdiction.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants, which are alleged to be residents of New Jersey and provide public defense services there, violated his rights in the course of a criminal prosecution in New Jersey. He asserts that Defendants are located in New Jersey, and the facts set forth in the complaint make clear that all salient events occurred in that state. Because Defendants reside in New Jersey and because the alleged events occurred there, from the face of the complaint, it is clear that venue is not proper in this Court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in New Jersey, which is in the District of New Jersey. *See* 28 U.S.C. § 110. Accordingly, venue lies in the District of New Jersey, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the New Jersey, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the New Jersey. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.

A summons shall not issue from this Court.

This order closes this case in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 30, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge